OTHELLO D. BROWN, and another, in equity

*vs.*

CHARLES H. ALLEN.

Cumberland. Opinion January 11, 1899.

*Attachment. Lien. Seizure. Judgment. Laws of 1821, c. 60, §§ 1, 17; R. S c. 81, § 67; c. 76, § 38.*

An attachment on mesne process of a right in equity to redeem real estate from mortgage will not continue for more than thirty days after final judgment in the suit unless the attaching creditor causes the right attached to be seized upon execution and notice of sale given within the thirty days after the final judgment.

ON REPORT.

Bill to redeem a mortgage of real estate, heard on bill, answer and agreed statement of facts.

The plaintiffs claimed that they own the equity in the mortgaged premises by virtue of a deed of warranty subject to the mortgage in question assumed by them. The deed was given them August 4, 1897, by Fannie R. and Frank O. Bolton. The defendant claimed that he obtained prior title to the equity by virtue of an attachment against said Boltons made August 31, 1896, and seizure, levy, and sale of the premises on second execution in October and November, 1897. He obtained the mortgage by assignment December 3, 1897, but has never been in possession of the premises.

The case shows that the defendant made a real estate attachment in the usual form against said Boltons—who then owned the equity of redemption in the mortgaged premises,—August 31, 1896, on a writ returnable to the November term, 1896, of the Superior

Court of Cumberland County; that he obtained judgment upon said writ which was entered up November 30, 1896; that he first took out execution for his judgment August 5, 1897; that said execution was returned to court "in no part satisfied" and a second execution issued November 10, 1897. Upon this last execution the officer returned that seizure of the equity in said premises was made October 6, 1897, and sold to the defendant at sheriff's sale November 10, 1897.

Tender and refusal are alleged by the bill and admitted by the answer.

For the purposes of the hearing upon this bill, it was admitted and agreed:

1. That the judgment set out in said bill was rendered upon default of the defendants and was in due form of law, and that the debtors were both living more than thirty days after rendition of said judgment;

2. That the first execution issued upon said judgment was in due form of law, and that no return of seizure, levy, or sale of property was made thereon;

3. That the second execution issued upon said judgment was in due form of law;

4. That the officer's proceedings in making the levy, sale, and return upon said second execution were regular as to form, but the seizure is not admitted by the plaintiffs to be seasonable or effective, and the validity of the sale is in controversy;

5. That the defendant has never been and is not in actual possession of the premises in controversy; and that in the event of a decree in favor of the plaintiffs the amount to be paid in redemption of the mortgage set out in said bill will be shown by adding to the amount due January 17, 1898, to wit, $833.64, interest upon the principal of the mortgage notes from that date to the date of the decree;

6. All other facts are as alleged in the bill and admitted in the answer, and shown by exhibits annexed to the bill.

The question submitted by the parties for the decision of the court was, whether the defendant's attachment continued in force

rising eight months after judgment was entered up before any execution was taken out, and more than ten months before seizure was made.

*B. D. and H. M. Verrill*, for plaintiffs.

*J. A. Waterman*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

EMERY, J. The question raised in this case is whether an attachment upon mesne process of a right in equity to redeem real estate from a mortgage continues for more than thirty days after final judgment in the suit, without further action by the officer or creditor within the thirty days. Inasmuch as such an attachment is essentially the creature of positive statute and is antagonistic to the common law idea of proprietary right, we must hold that the attachment continues no longer than the statute expressly or by necessary implication says it shall. We are not cited to any provision of the statute expressly declaring that the attachment shall so continue longer than thirty days after final judgment; but the defendant claims that such continuance is necessarily implied in R. S., c. 81, § 67, viz:

"An attachment of real or personal estate continues for thirty days, and no longer, after final judgment in the original suit, and not in review or error; except attachments of equities of redeeming real estate mortgaged or taken on execution; or equities of redemption sold on execution; or an obligee's conditional right to a conveyance of real estate on execution; or property attached and replevied; or property attached belonging to a person dying thereafter, or specially provided for in any other case."

We do not think such an implication is at all necessary. The exception "attachments of equities of redeeming real estate mortgaged" by the strict letter of section 67 may as well be from the general provision that attachments shall continue thirty days, leaving the excepted attachments without any life after judgment.

But to look solely at the language of section 67 is to take a

much too narrow view.    That section like every section and clause
of a statute is to be read in connection with, and reference to,
every part of the statute and the law, present and past.    In the
first statute upon the subject, 1821, c. 60, was included in one
chapter all the provisions for the attachment of, and levy of execu-
tion upon, property.    In section 1,—it was declared:    "That all
goods and estate attached upon mesne process for the security of
the debt or damages sued for, shall be held for the space of thirty
days after final judgment, to be taken on execution;—and if the
creditor shall not take them in execution within thirty days after
judgment, the attachment shall be void."    There was no where in
that statute any exception of any kind of any property from this
necessity of being taken in execution within the thirty days.    In
section 17—prescribing how equities of redemption of real estate
mortgaged should be levied upon, as by sale, etc.,—it was expressly
provided that "the notifications aforesaid being given or posted up
within the space of thirty days after judgment given, whereon
such execution shall issue, the attachment shall hold the equity
attached as aforesaid, until the levy of such execution can be com-
pleted in the manner hereinafter described."    Here was an express
provision that an attachment of an equity of redemption should
continue longer than thirty days after judgment, *provided* the
creditor gave certain notifications within the thirty days.    This
provision has never been dropped from the statute book, but has
been continued in all the revisions, and now appears in the last
revision of 1883 as § 38 of chap. 76, relating to sale of equities of
redemption upon execution, viz:

Sec. 38.    "The seizure on execution is considered made on the
day when notice of the sale is given, and it holds the right or
interest seized within that time if the sale is not completed within
thirty days after judgment; and the subsequent proceedings and
return are valid, if made after the return day of the execution, or
after removal or disability of the officer."

The implication from this language certainly is that, if the estate
be not seized and notice of sale given within the thirty days, the
attachment will expire like other attachments.

The phraseology of the section relied upon by the defendant (§ 67 of ch. 81) undoubtedly came to be used to guard against a possible interpretation, that if the title was not made to pass to the creditor within thirty days after final judgment he would lose his attachments. At the time of the introduction of that phraseology into the statutes, the only mode of levying execution on the fee of real estate was by extent and delivery of seizin, which could all be done within the thirty days. In levying by sale, the title could not pass till the sale was made and the officer's deed delivered, which could not be till after the thirty days. In such cases it was intended that the attachment should continue longer *provided* a seizure was made and notice of sale given within thirty days.

In this case no seizure was made, nor was any notice of sale given within the thirty days after judgment. Nothing was done to preserve the attachment and it accordingly expired with the lapse of the thirty days. The plaintiffs' title by deed from the debtor is therefore better than the defendant's title by subsequent levy, and he is entitled to redeem. The bill is sustained, and a decree will be made, according to the stipulation of the parties, that the plaintiff may redeem upon the payment of $833.64 plus the interest upon the principal of the mortgage notes from January 17, 1898, to the date of filing the decree, and that the defendant thereupon release all interest in the land described in the bill. No costs to either party.

*Bill sustained.    Decree as above.*